The opinion of the Court was delivered by
Johnson, J.
Richard Rogers, the defendant’s intestate, died in 1810, intestate, leaving a mother, Tabitha Rogers, a sister, Sarah Riggs, wife of defendant Thos. Riggs, and three nieces, Sarah Ann, Mary and Eliza T. Spears, infant children of his deceased sister Mary Spears. Sarah Ann, one of the nieces, intermarried with the plaintiff, Samuel Harvin, and died in March, 1828, leaving six children, who are represented in this suit by their father, the plaintiff, Samuel Harvin, as their next friend. Eliza- T., another of the nieces, intermarried with the plaintiff, Samuel B. Davis, and died in January, 1828, leaving-three children, who are represented in this suit by the plaintiff, *290 their father, Samuel B. Davis, as their next friend. Mary, the third niece, died, in 1819, without issue, unmarried and intestate.
At the time of his death, Richard Rogers, defendant’s intestate, was possessed of a considerable estate, consisting! principally of lands and negroes, and his mother took possession of it immediately after his death, and retained and used it as her own, without administration, until her death in 1828. By her will, she devised the whole of her estate to her daughter Mrs. Riggs, wife of defendant; and the executor therein named having refused to qualify, administration of her estate, with, the will annexed, was granted to defendant. Administration of the estate of. Richard Rogers, was also granted to the defendant, not long before the filing of this bill, none having before been granted.
From this statement of the case, it is apparent, that the complainants, representing Mary Spears, the sister of the intestate, Richard Rogers, were entitled, under the Act of distributions, to one-third part of his estate: and the Chancellor has .directed distribution accordingly, and that the defendant, as. the representative of Tabitha Rogers, shall account for the rents of the lands, and hire of the negroes, during the time she had them in possession, but that interest, on the annual accounts, shall be calculated only for the four years immediately preceding the filing of the bill.
The plaintiffs appeal on the grounds ; — That they are entitled to interest on the annual accounts - during the whole time Tabitha Rogers had possession of the estate.
And defendant appeals on the grounds :
1. That the whole account is barred by the. statute of limitations.
2. That if plaintiffs are entitled to an account, it ought not to be carried back further than the time of filing the bill; or, at most, to four years immediately preceding that time.
The ■ statute of limitations is very clearly no bar to this account. If there was ever any doubt about it, the case of *291 Geiger vs. Brown, 4 McC. 418, is decisivé, that technically, it would not run until administration granted, and it is not pretended that it is barred according to this rule, for here it was not granted until very shortly before the filing of the bill, and there is nothing in the case to take it out of the general rule.
The remaining questions on both sides will be more conveniently considered in one general view. From what time is the defendant liable to account for rents and hire ? and from what time ought the interest to be computed on the annual accounts ? are the only points involved in them.
At the time that Tabitha Rogers took possession of the estate, Sarah Ann, wife of complainant, Harvin, and Eliza T., wife of complainant, Davis, were infants, and unmarried; the former came of age in 1818, and the latter in 1824, (when they were married, does not appear.) The rule laid down in Dormer and Fortescue, 3 Atk. 130, is, that he who takes possession of the estate of an infant, holds as bailiff or guardian of the infant, and shall account for rents and profits from the time the infant’s title accrued, and so, in Bennett vs. Whitehead, 2 P. Wms. 645, the rather as defendant knew the title was in the infant. Everyone who possesses himself of the property of another, and uses it for his own benefit, is bound, according to the universal principles of natural right, to account to the owner for the profits; and this rule is nothing else than the rigid application of the principle to the cases of infants, to whom negligence will not be imputed. In other cases, exceptions are sometimes allowed, of which Rowland vs. Best, 2 McC. Ch. 317, is an instance. There defendant took possession, under a nuncupa-tive will, proved and allowed in the Court of Ordinary, — thus having the sanction of a Court of competent jurisdiction that the property was in himself. Under these circumstances it was unreasonable to expect, that he would keep an account of rents and profits, or be able to make up an account after a great lapse of time, and, in analogy to the statute of limitations, he was ordered to account for the four years immediately preceding the filing of the bill, within which period, it was presumable, evi *292 dence of the rents, profits and expenditures might be obtained. When we know that we are bound to account, we are more attentive to the minutiae, which go to make up the business of the year, and the evidences of the receipts and disbursements are put in a form to be preserved for future use; but in the management of o,ur own concerns, planters, particularly, generally concern themselves but little about anything but the general result of years put together; and, as was said in Phelon vs. Perman, 2 McC. Ch. 423, an account, under these circumstances, after a long period, would for the most part prove ruinous.
The defendant states in his answer, his confident belief that Tabitha Rogers thought the property her own; she mixed it up with, and used it as her own, without keeping any account at all. She spoke of it, and undertook to dispose of it by will, as her own, and the acquiescence of the persons entitled, for so long a period, had the effect, it is said, of deceiving her injto the belief that it was her own.
Tabitha Rogers could not have been ignorant that the estate belonged to her deceased son, Richard Rogers, and that he died intestate. She knew, too, that besides herself, his mother, he left a sister, and the children of a deceased sister, surviving him, and the law presumes that she knew the estate was distributable amongst them, and that she was bound to account with the infant distributees, when they should attain full age. She had all the means of being fully informed as to the rights of all concerned. If she was, in truth, ignorant of the law, she was wilfully so. The rule for the distribution of the estate is prescribed by an Act of the Legislature, in plain and unequivocal terms, and is well known and understood, not only by the profession of the law, but by the community at large, and it was her folly or misfortune, that she did not take care to be advised. But suppose her, in fact, ignorant of the law, that could not, under any circumstances, deprive the complainants of any legal right. Besides that, at the time the rights of Sarah Ann -and Eliza T. accrued, they were infants, in the one case for eight years, and the other for fourteen years after, and during that *293 period, at least, their acquiescence in her possession could not be imputed to them as laches : as infants, they had neither the will nor the power to assert their rights. This was the state of things at the time the possession of Tabitha Rogers commenced, and, according to the rule, she must account during the period of their infancy; and, if it- is practicable to make an account during that period, it is equally practicable for the subsequent period. We are, therefore, of opinion with the Chancellor, that defendant is bound to account for rents and hire of negroes, for the whole period Tabitha Rogers had possession of the estate.
We are unable to see any principle, or rule, which will sustain the Circuit Court in refusing to allow interest on the annual accounts. It appears to us necessarily to follow the liability to account. It constitutes a substantive part of the annual profits: as much so, in legal contemplation, as the rents -and hire themselves ; and it is the less objectionable, on account of the length of time, because it is ascertained, by a rule that cannot err, and which is alike applicable under all circumstances, when the debt is ascertained. As a rule of right, the Court has no discretion over it. • In this respect, the decree of the Circuit Court must, therefore, be reformed, and it is ordered and decreed, that, in making up the accounts between the parties, the Commissioner do charge defendant with interest on the annual accounts, according to the usual practice of the Court.
We are of opinion, also, that the costs should be paid out of the estate of Richard Rogers, and it is so ordered. The estate, probably, could not have been settled satisfactorily without suit. It was, at best, involved in such confusion and uncertainty, as to excuse the defendant in contesting the plaintiffs’ claim to the account for the whole period. This, too, was the only mode in which partition could be effected, and it is but reasonable that the parties should contribute to the expenses of the proceedings, in proportion to their interest — and that is the effect of this order.
• O’Neal-l, J., and Earle, J., sitting for Harper, J., concurred.

Decree modified.